ENTERED

FEB 11 1997

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
BY_____ DEPUTY

FILED

FEB - 5 1997

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
BY_____ DEPUTY

NO JS-6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY KERN,<br><br>       Plaintiff,<br><br>       v.<br><br>FEDERAL BUREAU OF INVESTIGATION, LOUIS FREEH, in his official capacity as Director of the Federal Bureau of Investigation; UNITED STATES DEPARTMENT OF JUSTICE; and JANET RENO, in her official capacity as Attorney General of the United States.<br><br>       Defendants. | ED CV 94-0208-RT (CTx)<br><br>ORDER (1) DENYING PLAINTIFF'S MOTION FOR ORDER DIRECTING DEFENDANTS TO RELEASE NONEXEMPT DOCUMENTS AND TO PRODUCE ADEQUATE VAUGHN INDICES AND (2) ORDERING DEFENDANT FBI TO FILE STATUS REPORT ON OR BEFORE FEBRUARY 28, 1997 AND TO FILE UPDATED STATUS REPORTS ON OR BEFORE THE LAST DAY OF EACH SUBSEQUENT MONTH |

## I.

## PROCEDURAL HISTORY

Plaintiff Gary Kern's (plaintiff's) motion for an order directing defendants Federal Bureau of Investigation (FBI), Louis Freeh in his official capacity as Director of the FBI (Freeh), United States Department of Justice (DOJ) and Janet Reno in her official capacity as Attorney General of the United States (Reno) (collectively defendants) to (1) release all documents not exempt from disclosure under the Freedom of Information Act, 5 U.S.C. section 552 (FOIA) and provide adequate revised Vaughn indices for any documents defendants continue to maintain are exempt (this motion) was submitted

DOCKETED /////
MLD COPY PTYS
MLD NOTICE PTYS
NO JS-6

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.
DATED: FEB 11 1997
_____
DEPUTY CLERK

ENTERED ON ICMS _____

46

1

1  for decision.  The court, the Honorable Robert J. Timlin, has read and considered the moving and

2  responding papers.  Based on such consideration, the court concludes as follows:

3       Plaintiff's complaint for injunctive relief was filed January 28, 1994.  In July 1991, plaintiff,

4  a writer and translator engaged in preparing a biography of Victor Kravchenko (Kravchenko), a well-

5  known soviet defector who died in 1966, requested access to materials regarding Kravchenko in the

6  possession of the FBI.  Specifically, plaintiff requested a list of materials kept in the New York office

7  of the FBI (FBI/NY), and an estimate of the cost to copy such materials.

8       Plaintiff's request was denied in part in by the FBI in August 1993.  Although 13 pages of

9  redacted materials from cross-referenced files was produced, the rest of the relevant materials were

10  withheld, including the contents of an investigative file in the FBI/NY.  The withholding of these

11  materials was justified as exempt by citation, without further explanation, to 5 U.S.C. §§ 552(b)(1),

12  552(b)(2); 5 U.S.C. §§ 552(b)(7)(C); and 5 U.S.C. §§ (b)(7)(D).  Plaintiff pursued an administrative

13  appeal of the denial of his request, and although his appeal was received by the DOJ, he did not receive

14  a response within 20 days, and he therefore filed this action.

15       The parties agreed, as reflected in the Joint Report of the Early Meeting of Counsel filed March

16  21, 1994, that, after consultation with the FBI, a Vaughn Index would be ready for filing on September

17  1, 1994, a date which, counsel noted, was necessary not only to prepare the index, but which also

18  reflected "the time necessary to complete other Vaughn indices in cases which predate the instant

19  action."  The Joint Report also indicated that settlement, if any, or a motion for summary judgment,

20  would be dependent upon the filing of a Vaughn Index.[1]

21       On September 19, 1994, defendants, who had not yet filed the Vaughn Index, moved, ex parte,

22  to continue the pre-trial conference (PTC), and represented that the Index would be filed October 15,

23  1994.

24

25

26  [1] A Vaughn Index is a detailed, cross-referenced index to documents withheld as exempt under the FOIA, which, if adequate, provides information that will allow the court, and the person requesting the information, to correlate specific exemption claims with specific documents or portions of

27  documents.  Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir. 1973), cert. denied, Rosen v. Vaughn, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).  The availability of a Vaughn Index is critical to the

28  effective enforcement of FOIA.  Founding Church of Scientology, Inc. v. Bell, 603 F.2d 945, 947 (D.C. Cir. 1979).

2

On October 17, 1994, defendants filed a report on the status of the preparation of the Index. They also filed the declaration of Jon Goldsmith, Chief of External Affairs and Policy for the National Security Agency (NSA) (Goldsmith) and Exhibit B thereto (concerning Documents Nos. 3, 4, 5, 6, 7, 8, 9, 10, 12, 17, 18, 19, 20, 21, 22, 23, 24, 26, 32), related to classified materials. As to unclassified materials, the declaration of James J. Roth, Supervisory Special Agent (SSA) of the FBI (Roth) was also filed. It explained why there had been a delay in completing the declaration as to unclassified material, and noted that although a search failed to find phonographic recordings requested by plaintiff, it did result in the location of an additional eight cross-references to material requested by plaintiff, seven of which cross-references were relevant. However, all seven were classified materials, and therefore they had been forwarded to the Document Classification Review Unit at FBI headquarters to see if they were still properly classified, which review was expected to be completed by November 30, 1994.

Defendants also filed on October 17, 1994 the declaration of Sherry L. Davis, FBI SSA (Davis) and Appendix A thereto (concerning Documents Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 34B, 36), which related only to information withheld from disclosure by the FBI pursuant to Exemption One of the FOIA.

On October 18, 1994, the order continuing the PTC was amended so as to order defendants to file the Vaughn Index on or before October 31, 1994.

On October 24, 1994, another declaration of Roth and Exhibits A through Q thereto were filed as part of the Vaughn Index. Exhibit Q consisted of Documents Nos. 1 through 54 (some of which, although not redacted, are so lightly printed as to be illegible), and relates specifically to Documents Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 34B, 35, 36, 37, 38, 39, 40, (41 is not mentioned), 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, and 54.

On January 10, 1995, Roth's third declaration was filed.[2] It related to Documents Nos. 55, 56, 57, 58, 59 and 60, which were five of the seven cross-referenced documents mentioned in Roth's prior

---

[2] The title of this declaration incorrectly called it a "second" declaration.

declaration, plus one additional document, No. 60, which had not been made part of the Vaughn Index earlier because of a clerical error.[3]  Roth's second declaration addresses the unclassified information in these documents which is being withheld by the FBI[4].

On February 7, 1995, the declaration of John M. Kelso, Jr., FBI Special Agent, (Kelso) and Exhibits A and B thereto were filed, which related to Document No. 61.

Also on February 7, 1995, the second Davis declaration was filed, which related to document 61.[5]

On February 15, 1995, plaintiff filed a motion for an order directing production of an adequate Vaughn index or, in the alternative, compelling defendants to produce documents and declarations for an in camera review, which motion was referred to the magistrate judge.  According to the parties, as stated in their stipulation to continue PTC, filed March 14, 1995, the magistrate judge by order dated March 1, 1995, took that motion for an order directing production of an adequate Vaughn index, etc. off calendar, apparently in the belief that it should be handled as a discovery dispute (see June 14 stipulation at p. 3, lines 8 through 25).[6]

On June 14, 1995, pursuant to the parties' stipulation, the court ordered that the PTC date again be vacated, that it, itself, would consider the motion for an order directing production of an adequate Vaughn index, etc., and that a status conference would be held on July 31, 1995.  This status conference date was then continued to August 7, 1995.

On August 2, 1995, pursuant to the parties' stipulation, the status conference was taken off calendar, and defendants were directed to file a status report no later than November 10, 1995.  The

---

[3]According to Roth, two of the seven documents were duplicates of Documents Nos. 20 and 32, which were described in his first declaration.

[4]Roth states that he is informed that Davis's second declaration, which addresses the information in the seven documents which is classified, was filed on December 9, 1994.  However, there is no Davis declaration which was filed on or about December 9, 1994.

[5]The title of this declaration incorrectly called it the "third declaration" of Davis.

[6]In that stipulation, the parties indicated that plaintiff believed that the dispute over the sufficiency of the Vaughn indices could best be resolved through the discovery dispute procedures of Local Civil Rule, Rule 7.15, while defendants thought it could best be resolved in the context of a motion for summary judgment.

1 parties then anticipated working together to ascertain what matters were still in dispute, and to propose

2 a schedule for the court no later than November 22, 1995.

3 On November 13, 1995, defendants filed a status report indicating that the NSA expected to

4 send all documents except 26 and 32 to the FBI by November 22, 1995, and then to prepare, by

5 December 8, 1995, a new Vaughn index as to the information as to which it still asserted an exemption.

6 According to this status report, the FBI expected to complete its review of these documents, except for

7 Document No. 32, by January 15, 1996. The status report did not indicate the date by which the FBI

8 would then prepare a revised Vaughn index.

9 On June 28, 1996, plaintiff filed this motion, defendants having failed to file or release any

10 further materials, despite defendants' statement in the November 13, 1995 status report that further

11 declarations would be filed in December 1995 and January 1996. The motion does not specify which

12 documents are not exempt from disclosure under the FOIA[7], so that defendants properly could be

13 ordered to produce them, nor does it specify how the Vaughn indices are inadequate. The actual thrust

14 of the motion is that defendants have not acted with due diligence, have not promptly released all

15 disclosable documents, and have not timely produced a revised Vaughn index.

16 On July 26, 1996, defendants filed a response to plaintiff's motion to compel an additional

17 Vaughn index.[8] According to that response, the contemplated dates of November 22, 1995 and January

18 15, 1996 by which NSA and FBI would have completed certain tasks were delayed by two government

19 furloughs, totaling three weeks, and by blizzards which closed federal agencies for several days.

20 In addition, the response stated that the completion and filing of additional Vaughn indices was

21 further delayed because of (1) "changes in duty," which caused the transfer of two FBI declarants, thus

22 requiring prospective new declarants to familiarize themselves with the case, (2) agency counsel

23 changed at both NSA and FBI, thus requiring new counsel to "get up to speed," (3) the Executive

24 Order applicable to the classification and declassification of documents changed effective mid-October,

25

26 [7]It is noted that under the FOIA the burden is not on plaintiff to establish that the records he requests are not exempt (an impossible task because he has not seen the records). The burden is on the
27 governmental agencies, who are responding to the request, to claim and prove exemption as to certain records requested by plaintiff. 5 U.S.C. § 552(a)(4)(B).

28 [8]There is no indication that this motion was renoticed for a particular date.

1995, thus impacting NSA's review of the documents and preparation of Vaughn index declarations, (4) FBI SSA Darlene Ragins (Ragins), who took over from SSA Roth, was out on maternity leave from mid-May to mid-September, and (5) defendant's counsel, Assistant United States Attorney Jan L. Luymes, who was responsible for reviewing the declarations of the FBI's declarants, was absent from the office on official business for a total of three weeks during the period of March through May 1996, and was then absent from the office during June because of the death of her father.

According to this response, despite these problems, defendants stated that the NSA's declaration would be filed no later than August 16, 1996, the FBI's declaration dealing with classified material would be filed no later than August 23, 1996, and SSA Ragins' declaration, dealing with nonclassified matters, would be filed no later than September 30, 1996.

Plaintiff filed no reply to this response.

On August 19, 1996, the second declaration of Goldsmith of the NSA was filed.[9]  It related to Documents Nos. 3, 4, 5, 6, 7, 8, 9, 10, 12, 17, 18, 19, 20, 21, 22, 23, 24, 26, 32, 55, 56, 57, 58, 59 and 60.

On August 26, 1996, the declaration of FBI SSA Richard D. Davidson (Davidson) was filed. It related to Documents Nos. 3, 5, 9, and 58.

On August 29, 1996, defendants filed another status report to supplement their July 26, 1996 response to plaintiff's motion to compel an additional Vaughn index. This status report noted that, as to Document No. 27, the FBI discovered it had not been referred to NSA in September 1994, but that such referral has now occurred, and that it was anticipated that if any of the information contained therein was withheld, any declarations needed to be filed as to such information would be filed before the end of September 1996.

On October 7, 1996, a supplementary declaration of Davidson was filed.  It related to Document No. 27.

On November 6, 1996, the declaration of FBI SSA Ragins was filed.  It related to Documents Nos. 3, 4, 5, 6, 7, 8, 9, 10, 12, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 32, 55, 56, 57, 58, 59, and 60.

---

[9]The title of this declaration incorrectly called it the "third declaration" of Goldsmith.

## II.

## ANALYSIS

Under the FOIA, government agencies seeking to keep certain documents from being disclosed have the burden of establishing that such documents are exempt from disclosure. 5 U.S.C. section 552(a)(4)(B); Citizens Com'n on Human Rights v. FDA, 45 F.3d 1325, 1328 (9th Cir. 1995). They may meet this burden by the use of declarations, so long as the declarations are not conclusory and are not impugned by evidence of bad faith. Id.

The purpose of a Vaughn index is "'to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding.' [Citation.]" Citizens Com'n on Human Rights v. FDA, 45 F.3d at 1328. The agency must disclose as much information as possible without thwarting the purpose of the exemption claimed. Id.

A district court lacks jurisdiction to order an agency to release documents unless it has been shown that the documents have been improperly withheld. U.S. Dept. of Justice v. Tax Analysts, 492 U.S. 136, 142, 109 S.Ct. 2841, 2846-47, 106 L.Ed.2d 112 (1989). Delay in preparing the Vaughn indices, even if in bad faith, is not the equivalent of improperly withholding documents as to which it has been shown that disclosure is required, i.e., that they are not exempt from disclosure under the FOIA; therefore, such delay cannot be remedied or sanctioned by ordering the release of documents as to which such a showing has not yet been made. Minier v. Central Intelligence Agency, 88 F.3d 796, 803 (9th Cir. 1996).

Instead, the remedies available are (1) orders that defendants file regular status reports as to their progress in processing plaintiff's FOIA request, see, e.g., Lisee v. C.I.A., 741 F.Supp. 988, 990 (D.D.C. 1990), (2) orders that defendants file a Vaughn index within a certain amount of time, see, e.g., id., and (3) orders that defendants indicate what information, if any, they have chosen to release, see, e.g., Powell v. United States Dept. of Justice, 584 F.Supp. 1508, 1531 (N.D.Cal. 1984). As a further remedy, failure to comply with such orders can be punished as contempt. 5 U.S.C. § 552(a)(4)(G); EPA v. Mink, 410 U.S. 73, 79, 93 S.Ct. 827, 832, 35 L.Ed.2d 119 (1973).

Here, plaintiff asked that the court order the FBI to produce all documents the FBI acknowledges are not exempt under the FOIA and to produce an adequate Vaughn index. However,

7

1  plaintiff has not indicated that there are any documents which the FBI has acknowledged are non-

2  exempt and which it has not produced.  Plaintiff also has not indicated in what regard the Vaughn

3  index is inadequate, although it is perhaps implicit that the inadequacy consists of the absence of the

4  declarations defendants indicated in the November 13, 1995 status report would be filed in December

5  1995 and at some unspecified date in 1996.  If this is the basis of the inadequacy, it has been cured,

6  defendants having filed the missing declarations after this motion was filed.  Therefore, there is no

7  basis upon which to grant plaintiff's motion.

8         However, in the interests of resolving this action in a timely manner, the court will order

9  defendant FBI to file a status report on the current state of its processing of plaintiff's FOIA request,

10  and to indicate with specificity what, if any, information it has released to plaintiff as non-exempt from

11  disclosure under the FOIA.

12                                        **III.**

13                                  **DISPOSITION**

14         It is ordered that:

15         (1) Defendant FBI shall file on or before February 28, 1997 a status report on the current state

16  of its processing of plaintiff's FOIA request, which shall include a statement as to what specific

17  information, if any, it has released to plaintiff as non-exempt from disclosure under the FOIA;

18         (2) Defendant FBI shall file an updated status report on the current state of its processing of

19  plaintiff's FOIA request, which shall include a statement as to what specific information, if any, it has

20  released to plaintiff as non-exempt from disclosure under the FOIA, on or before the last day of each

21  consecutive subsequent month until this action is resolved; and

22         (3) A copy of each status report shall be served on plaintiff's counsel simultaneously with the

23  filing of the original report.

24  /////

25  *2/5/97*
          DATE                    ROBERT J. TIMLIN, DISTRICT COURT JUDGE

26

27

28

                                        8