ALEJANDRO MAYORKAS
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
JAN L. LUYMES
Assistant United States Attorney
Senior Litigation Counsel
411 West Fourth Street, Suite 8000
Santa Ana, California 92701
Telephone: (714) 338-3533
Fax: (714) 338-3523

Attorneys for Defendant
U. S. Department of Justice

DAVID J. BODNEY
PETER B. SWANN
STEPTOE & JOHNSON LLP
40 North Central Avenue, 24th Floor
Phoenix, Arizona 85004-4453
Telephone: (602) 257-5200

JAY SMITH (State Bar No. 162832)
STEPTOE & JOHNSON LLP
635 West 5th Street, Suite 700
Los Angeles, California
Telephone: (213) 439-9400

Attorneys for Plaintiff
GARY KERN

Priority ✓
Send ✓
Enter ——
Closed ——
JS-5/JS-6 ✓
JS-2/JS-3 ——
Scan Only ——

FILED
CLERK, U S DISTRICT COURT

OCT - 5 2000

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION  X  BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| GARY KERN, | ) No. EDCV 94-208-RT (CTx) |
| Plaintiff, | ) |
| | ) **STIPULATION FOR** |
| vs. | ) **COMPROMISE SETTLEMENT;** |
| | ) **ORDER THEREON** |
| U S. DEPARTMENT OF JUSTICE, | ) |
| Defendant | ) |

Docketed ✓
Copies / NTC Sent ✓
JS - 5 / JS - 6 ✓
JS - 2 / JS - 3 ✓
CLSD ——

ENTER ON JCMS

OCT - 6

Doc #263602 v 02

1           IT IS HEREBY STIPULATED by and between plaintiff Gary Kern and

2    defendant United States Department of Justice, by their respective undersigned counsel, as

3    follows:

4           1     Plaintiff Gary Kern and defendant United States Department of Justice

5    do hereby agree and stipulate to settle and compromise the above-entitled action under the

6    terms indicated below

7           2     This agreement and stipulation for compromise settlement shall not

8    constitute evidence of or an admission of any issue of law or fact raised by this lawsuit and/or

9    liability or fault on the part of defendant U. S Department of Justice or the United States, its

10   officers, agents, agencies, servants, or employees, and is entered into by both parties for the

11   purpose of compromising disputed claims and avoiding the expenses and risks of litigation

12          3.    With regard to information still being withheld pursuant to FOIA

13   exemption (b)(1), the FBI will provide Scott Hodes, the acting chief of the FBI's FOIPA

14   (Freedom of Information-Privacy Act) Litigation Unit and who has been designated by the

15   Attorney General as an original classification and declassification authority, as the declarant

16   who will provide a declaration under penalty of perjury that (1) all "code words" being

17   withheld under this exemption relate to an intelligence source or operation that is in use today,

18   (2) those code words are not synonyms for the Venona Project (such as the "Jade," "Bride," or

19   "Drug"), (3) those code words do not stand for anything concerning the specific Venona

20   Project, (4) those code words have not been officially disclosed; and (5) those code words do

21   not relate to Victor Kravchenko.

22          4     As to information being withheld pursuant to FOIA exemption

23   (b)(7)(C), Kern will provide a list of names and references regarding persons he believes are

24   among the individuals whose names have been redacted from the documents pursuant to

25   (b)(7)(C) in the documents which already are at issue in this action  The FBI agrees to release

26   the names of these people if it can confirm, from the references supplied by Kern and/or from

27   its own resources (including on-line databases), that these individuals are deceased  The FBI

28   has also agreed to release the names of any other individuals that it can confirm are dead, as

1    well as any individuals who would likely be 100 years of age or older today  With regard to

2    those individuals confirmed to be dead or who are likely to be 100 years of age or older today,

3    such information will be used by the FBI in its processing of documents located pursuant to

4    paragraphs 5 through 8 below.  Additionally, the FBI has offered to make Scott Hodes

5    available to confer with Kern on a continuing basis regarding the FBI's efforts as to this

6    paragraph.

7         5    The FBI has agreed to process and to assert appropriate FOIA

8    exemptions as to documents in the FBI's New York Field Office main file pertaining to

9    Kristina Pavlovna Krotkova (whose first name plaintiff believes is alternatively spelled

10   Christinia and whose last name plaintiff believes is alternatively spelled Kratkova, and who

11   plaintiff asserts had the code names of "OLA" or "ZHANNA") who plaintiff believes to be

12   deceased, and in the FBI's New York Field Office main file pertaining to Sara-Sonya Judey

13   (whose first name plaintiff believes may be spelled Sara, Sonya, or Sofiya and whose last name

14   plaintiff believes allegedly may also be spelled as Iudei, and whose maiden name is alleged to

15   be Veksler), who plaintiff believes was born in 1903.  The FBI anticipates the processing will

16   require a classification review by another agency as well as by the Department of Justice

17   Presently, the FBI estimates they will complete processing of these main files in six months

18   from the entry date of this Settlement stipulation

19         6    The FBI will to conduct a new search of its New York Field Office and

20   Headquarters main files pertaining to Victor Kravchenko, for all documents relating to Victor

21   Kravchenko from February 1966 through May 1969   The FBI's search will encompass the

22   following documents:  (1) Kravchenko's suicide note; (2) documents related to the paraffin

23   tests mentioned in serial #100-59596-611, (3) FBI teletypes referred to in serials #100-59596-

24   611 and #100-59596-622, and (4) all documents generated, authored, or received by the FBI

25   relating to Kravchenko and placed in his main file from February 1966 through May 1969   In

26   processing these documents, the FBI will assert appropriate exemptions.  The FBI has agreed

27   to provide a declaration under penalty of perjury certifying that it has conducted a thorough

28   and good-faith search, describing with particularity the files searched.  If no documents are

-2-                                    Doc #263602 v 02

1   found, the declaration will also specify the steps taken by the FBI to maintain these documents
2   The FBI will make a good-faith effort to complete its processing within 30 (thirty) days from
3   the entry date of this settlement stipulation, but presently estimates it will complete its
4   processing within 60 (sixty) days from the entry date of this settlement stipulation

5           7       The FBI will re-process serials #100-59596-611 and #100-59596-622
6   and produce new versions of the documents located in the serials consistent with the assertion
7   of appropriate exemptions.  The FBI will attempt to re-process these two serials one month
8   from the date the FBI receives notarized privacy waivers from the individuals whom Kern
9   believes are the confidential sources used in these serials.

10          8       The FBI will search Kravchenko's main files in its New York Field
11  Office and in Headquarters for the following documents relating to Kravchenko during the
12  June-October 1948 time period.  (1) a letter received by Kravchenko, which Kern describes as
13  having been considered a threat and turned over to the FBI's New York office on or about
14  August 26, 1948, (2) documents (including memoranda) relating to the FBI's investigation of
15  that letter, (3) documents (including memoranda) generated on August 26, 1948 and the days
16  immediately following relating to Kravchenko, (4) a memorandum generated on August 12,
17  1948, when plaintiff believes Kravchenko spoke with the FBI; and (5) documents relating to
18  Oksana Kasenkina and Mikhail Samarin to the extent that any such documents are found in
19  Kravchenko's main files.  The FBI will not look for or process files on Kasenkina or Samarin
20  Any responsive documents located in Kravchenko's main files will be processed with
21  appropriate exemptions asserted   The FBI will make a good-faith effort to complete its
22  processing within 30 (thirty) days from the entry date of this settlement stipulation, but
23  presently estimates it will complete its processing within 60 (sixty) days from the entry date of
24  this settlement stipulation.

25          9.      If plaintiff objects to any of the FOIA exemptions that the FBI may
26  assert with respect to the documents processed pursuant to paragraphs 5-8 above, those
27  objections may only be raised in a separate lawsuit

28

Doc #263602 v 02

1            10    The parties agree that defendant will pay to the plaintiff's counsel,

2   Steptoe & Johnson LLP, the sum of $50,000.00 (fifty thousand dollars and no cents) as

3   attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), which sum shall be in full

4   settlement and satisfaction of any and all claims, demands, rights, and causes of action of

5   whatsoever kind and nature, known and unknown, foreseen and unforeseen, arising from,

6   resulting from, or related to the subject mater of this lawsuit brought under the Freedom of

7   Information Act regarding the requests made by Gary Kern associated with Victor Kravchenko

8   pursuant to the Freedom of Information Act which plaintiff Gary Kern and/or his attorneys or

9   assigns now have or hereafter may acquire against defendant.   The sum shall be paid as

10  follows·

11                 **NAME**                                     **AMOUNT**

12           Steptoe & Johnson LLP                        $50,000.00

13  It is also agreed, by and among the respective parties, that the settlement amount of $50,000 00

14  (fifty thousand dollars and no cents) represents the entire amount of the compromise settlement

15  and that the respective parties otherwise will each bear their own costs, fees and expenses.  As

16  expeditiously as possible, and, in any event, by no later than October 12, 2000, the United

17  States Attorney's Office for the Central District of California shall complete and submit to the

18  General Accounting Office all paperwork necessary for the prompt processing of this payment

19            11    Plaintiff agrees to accept the sum of $50,000 00 (fifty thousand dollars

20  and no cents) and the agreements set forth in paragraphs 2 through 10 above in full settlement

21  and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind

22  and nature, known and unknown, foreseen and unforeseen, which he or his attorneys or assigns

23  may have against the defendant U  S. Department of Justice or the United States of America,

24  and its officers, agencies, agents, servants, and employees on account of the requests made

25  under the Freedom of Information Act that gave rise to the above-captioned action

26            12.    *The action shall be dismissed with prejudice.*

27         .      13.    In addition, and notwithstanding anything to the contrary herein,

28  plaintiff explicitly releases any and all claims against the U. S. Department of Justice and the

Doc #263602 v 02

1  United States of America and its officers, agencies, agents, servants, and employees which the

2  plaintiff does not know or suspect to exist in his favor at the time he executes this stipulation

3  and general release, which if known to plaintiff must have materially affected plaintiff's

4  settlement with the defendant, regarding the subject matter of this litigation

5       14.    This written agreement contains all of the agreements between the

6  parties, and is intended to be and is the final and sole agreement between the parties.  The

7  parties agree that any other prior or contemporaneous representations or understandings not

8  explicitly contained in this written agreement, whether written or oral, are of no further legal or

9  equitable force or effect   Any subsequent modifications to this agreement must be in writing,

10  and must be signed and executed by the parties

11       15     The undersigned represent that they have reviewed and understand this

12  agreement, and that they are fully authorized to enter into the terms and conditions of this

13  agreement and that they agree to be bound thereby

14       DATED.  This __28__ day of __Sept__, 2000.

15

16

17                                          Gary Kern
                                            Plaintiff

18       DATED   This __22__ day of __Sept.__, 2000.

19                                          STEPTOE & JOHNSON LLP

20

21       By _____

22                                          David J Bodney
                                            Peter B. Swann

23                                          Two Renaissance Square
                                            40 North Central Avenue, 24th Floor
                                            Phoenix, Arizona  85004-4453

24

25                                          Jay E  Smith
                                            635 West 5th Street, Suite 700
                                            Los Angeles, California  90071

26

27                                          Attorneys for Plaintiff Gary Kern

28

                              - 5 -                          Doc #263602 v 02

1    DATED  This _25th_ day of _September_ 2000

2                          ALEJANDRO MAYORKAS
                           United States Attorney
3

4
                           By _Jan L. Luymes_
5                             Jan L. Luymes
                              Assistant United States Attorney
6                             Senior Litigation Counsel
                              411 West Fourth Street, Suite 8000
7                             Santa Ana, California 92701

8                             Attorneys for Defendant
                              United States Department of Justice
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              - 6 -                    Doc #263602 v 02

## ORDER DISMISSING ACTION

Pursuant to the parties' foregoing settlement stipulation, IT IS HEREBY ORDERED:

      1      Plaintiff's action is dismissed with prejudice,

      2      Each party shall bear their own costs and attorneys' fees, except as provided in paragraphs 10 and 11 hereof.

DATED   This _5th_ day of _October_ 2000

_Robert J. Timlin_

United States District Judge

Doc #263602 v 02